NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3168

DAIMAH ELOIS HAMEED,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: July 14, 2006

_____

Before NEWMAN, LOURIE, and LINN, <u>Circuit Judges</u>.

PER CURIAM.

Daimah E. Hameed petitions for review of the final decision of the Merit Systems Protection Board ("Board") sustaining the Office of Personnel Management's ("OPM's") decision denying Hameed's request for reconsideration of its March 4, 1996 initial decision that denied Hameed survivor annuity benefits. <u>Hameed v. OPM</u>, No. AT-0831-05-0778-I-1 (M.S.P.B. January 27, 2006). Because the Board correctly determined that Hameed's request for reconsideration was untimely filed, we <u>affirm</u>.

BACKGROUND

On November 30, 1995, Hameed applied to OPM for survivor annuity benefits as the common law wife of Gregory O. Howard. On March 4, 1996, OPM issued an initial decision denying Hameed's application for benefits on the ground that she did not live with Howard at the time of his death and thus was not his common law wife. The initial decision also informed Hameed that if she wished to dispute the findings supporting OPM's decision, she could request reconsideration of the decision. According to OPM, Hameed did not request reconsideration of the initial decision until March 3, 2005, almost nine years after that decision issued and well after the statutorily-prescribed period of 30 days for filing such a request. Hameed v. OPM, No. AT-0831-05-0778-I-1, slip op. at 2 (M.S.P.B. September 26, 2005). On June 14, 2005, OPM issued a final decision denying Hameed's request for reconsideration as untimely filed.

Hameed then appealed to the Board from OPM's final decision. The Board's administrative judge ("AJ") found that Hameed did not provide any evidence corroborating her testimony that she had requested reconsideration of the initial decision within the 30-day period. Id. The AJ further noted that Hameed did not maintain a copy of her purported request for reconsideration and that it took her almost nine years to follow up on the request for reconsideration. Id. Without more evidence, the AJ concluded that Hameed did not meet her burden of proving that she filed her request for reconsideration in a timely manner. The Board denied Hameed's petition to reconsider the AJ's initial decision, rendering that decision final. Hameed timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Congress has expressly limited the scope of our review in an appeal from the Board. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Ellison v. Merit Sys. Prot. Bd., 7 F.3d 1031, 1034 (Fed. Cir. 1993).

On appeal, Hameed reasserts the position that she requested reconsideration of OPM's initial decision within 30 days of receiving that decision. As in the Board proceedings, Hameed has not provided us with any evidence to support her contention that she made a timely request. Without such evidence, we cannot discern error in the Board's decision. Hameed also contests OPM's finding that she was not Howard's common law spouse and thus that she was not eligible for survivor annuity benefits. However, Hameed is not entitled to appeal the merits of OPM's decision without having timely sought reconsideration of OPM's decision. 5 C.F.R. § 831.110 (2006); Prewitt v. Merit Sys. Prot. Bd., 133 F.3d 885, 886 (Fed. Cir. 1998) ("The Board's jurisdiction is not plenary; rather, it is limited to actions designated as appealable to the Board 'under any law, rule, or regulation.'"). Because Hameed has not established that she had timely sought reconsideration of OPM's initial decision, there is no final decision from which we or the Board may review OPM's finding that Hameed was not Howard's common law spouse. Thus, although we are sympathetic to Hameed's plight, we must affirm the Board's decision.